UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CLYDE A. LIVINGSTON, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:14-cv-00070-DBH |
| UNUM PROVIDENT, | ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AND ORDER**

In this action, Plaintiff Clyde Livingston challenges a set off exercised by Defendant Unum Provident in connection with income that he receives through a disability insurance program administered by Defendant.[1] The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 13), Plaintiff's Motions to Extend Time to File an Amended Complaint (ECF Nos. 18/21), Plaintiff's Motions for Entry of Default (ECF Nos. 24/28), and Plaintiff's Motions to Amend and Motions to Overrule Objections to Subpoena (ECF Nos. 26/27).[2]

After consideration of the parties' arguments, as explained below, the recommendation is that the Court dismiss the matter without prejudice as this Court lacks jurisdiction to consider Plaintiff's claim. In addition, because Plaintiff has failed to identify a basis for federal court jurisdiction either in his original complaint or in any proposed amendment to the complaint, any amendment to the complaint would be futile. Plaintiff's Motions to Amend, therefore, are denied.

---

[1] Plaintiff Clyde A. Livingston commenced this action against Defendant UNUM Provident in the United States District Court for the Eastern District of California. Prior to service, the Eastern District of California transferred the case to this Court. Plaintiff did not object to the transfer.

[2] The Court referred the motions for report and recommended decision.

Given that the Court has not established a deadline for the amendment of pleadings, Plaintiff's Motion to Extend Time to File Amended Complaint (ECF No. 18) is unnecessary and thus is dismissed.[3] Finally, because Defendant filed a motion to dismiss, the entry of default requested by Plaintiff is not warranted. *See* Fed. R. Civ. P. 12(a)(4). Accordingly, Plaintiff's Motions for Entry of Default (ECF Nos. 26/27) are denied.

## Background Facts

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[4] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998). In addition, the Court can also consider documents whose authenticity is not in dispute, public records, documents central to Plaintiff's claim, and documents sufficiently referred to in the complaint. *Mississippi Pub. Employees' Ret. Sys. v. Boston Scientific Corp.*, 523 F.3d 75, 86 (1st Cir. 2008).

Plaintiff is a former Juvenile Hall Counselor for the City and County of San Francisco, which position he held for 23 years. As the result of injuries sustained in the line of duty, Plaintiff could no longer work in the position as of November 30, 2009. Although the underlying facts are not entirely clear, Plaintiff apparently participated in a long term disability plan that was offered through his employer, which plan was insured and administered by Defendant. Plaintiff evidently has been in receipt of disability benefits for some time.

In this action, Plaintiff challenges Defendant's administrative determination that based on Plaintiff's receipt of CalPERS retirement income that should have offset his disability benefit, Plaintiff was overpaid by approximately $51,000 in disability benefits. In his pleadings, Plaintiff

---

[3] To the extent that through his motion, Plaintiff seeks to amend the complaint, Plaintiff's request is denied for the reasons stated herein.
[4] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

requests, in multiple counts, what he describes as "appropriate equitable relief." (Complaint, ECF No. 1.) [5] According to Plaintiff, his claim arises under Section 502 of the Employee Retirement Income Security Act (ERISA). (Complaint at 2; *see also* ECF No. 12.)

## Discussion

On March 25, 2014, Defendant filed its Motion to Dismiss for Lack of Jurisdiction (ECF No. 13). Defendant notes that the sole basis cited by Plaintiff in support of this Court's jurisdiction is ERISA, and argues that ERISA does not apply to governmental plans like the plan at issue in this case.[6] (*Id.* at 1, 3-5.) Because the jurisdictional issue is necessarily relevant to the resolution of all of the pending motions, logic suggests that the jurisdictional issue be addressed before the other pending motions.[7]

The United States District Courts and other federal courts are not courts of general jurisdiction. *Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 828 (1st Cir. 1997). A litigant, therefore, must identify a basis for federal court jurisdiction in order for a federal court to have the authority to adjudicate the dispute.

The federal court has jurisdiction when a federal question is presented. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

---

[5] In a series of subsequent filings, Plaintiff essentially updates his pleading in various ways. Plaintiff asserts his right to amend "when all true does have been ascertained and or any additional or new causes of action are discovered." (ECF No. 7.) Plaintiff also notes the transfer of his case to this Court from the Eastern District of California, and he requests that this Court provide its "evaluation" and a jury trial. (*Id.* at 2.) Plaintiff reports that he has received some portions of Defendant's policy but not all of it. (*Id.* at 4.) Plaintiff also complains of tax withholding and reporting activity undertaken by Defendant. (ECF No. 16.)

[6] Defendant also asserts that Plaintiff failed to effectuate service. However, on July 14, 2014, Plaintiff filed two affidavits of service reporting service on Defendant. (ECF Nos. 37/38.)

[7] In addition to requesting that the time for amendment of the pleadings be left open for the addition of numerous individual defendants following discovery, Plaintiff filed two motions in which he requested entry of default. (ECF Nos. 24/28.) In his second motion for default, Plaintiff requested judgment in the amount of $51,139.30. (ECF No. 28 at 2.) Plaintiff also requested that the Court overrule Defendant's objection to certain subpoenas. (ECF Nos. 26/27.)

Constitution, laws, or treaties of the United States."). Another basis for jurisdiction is diversity of citizenship. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of civil actions between citizens of different states, provided the amount in controversy exceeds $75,000. While other bases for federal jurisdiction exist, none appears to apply to Plaintiff's case and none has been identified by Plaintiff in his pleadings.

Although it is evident that Plaintiff and Defendant are diverse parties, Plaintiff values his claim at $51,139.50. The amount in dispute is insufficient to support federal jurisdiction based on diversity of citizenship. The Court's jurisdiction, if it exists, must be based on the existence of a federal question.

ERISA is a federal statute that affords a legitimate basis for the exercise of federal question jurisdiction. 29 U.S.C. § 1132(e)(2); *Waters Corp. v. Millipore Corp.*, 140 F.3d 324, 326 (1st Cir. 1998). However, as Defendant argues, ERISA does not apply to governmental plans. Pursuant to ERISA's "coverage" provision: "The provisions of this subchapter shall not apply to any employee benefit plan if – (1) such plan is a governmental plan (as defined in section 1002(32) of this title) . . . ." 29 U.S.C. § 1003. In his pleadings, Plaintiff alleges that his plan was available through his employment with the City and County of San Francisco. ERISA defines a "governmental plan" as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). In the absence of another basis for federal court jurisdiction, where a plaintiff asserts a claim that is based on a governmental plan that is exempt from ERISA, dismissal for lack of subject matter jurisdiction is appropriate. *Koval v. Washington Cnty. Redevelopment Auth.*, 574 F.3d 238, 244 (3d Cir. 2009); *Morgan Cnty. War*

*Mem'l Hosp. ex rel. Bd. of Directors of War Mem'l Hosp. v. Baker*, 314 Fed. App'x 529, 538 (4th Cir. 2008).[8]

Because Plaintiff alleges that he participated in the subject disability insurance plan as the result of his employment with a governmental entity (i.e., the City and County of San Francisco), Plaintiff's plan is a "governmental plan," and thus is not within ERISA's coverage. Plaintiff's claim regarding his disability plan, therefore, does not generate a federal question. Furthermore, Plaintiff has alleged no other basis of jurisdiction. This Court is thus without jurisdiction to consider Plaintiff's claim.

**Conclusion**

Because Plaintiff seeks to litigate a dispute involving a state governmental plan that is not governed by ERISA, and because the amount in controversy as alleged is less than $75,000, this Court does not have jurisdiction over the subject matter of the litigation and Plaintiff must pursue his claim in another forum.[9] Accordingly, it is recommended that the Court grant Defendant's Motion to Dismiss (ECF No. 13) and dismiss Plaintiff's Complaint without prejudice.

In addition, Plaintiff's Motions to Amend (ECF Nos. 26/27) are denied; Plaintiff's Motions to Overrule Objections to Subpoena (ECF Nos. 26/27) are moot; Plaintiff's Motions for Default (ECF Nos. 24/28) are denied; and Plaintiff's Motions for Extension of Time to File an Amended Complaint (ECF No. 18/24) are dismissed.

**CERTIFICATE**

Any objections to the Order ruling on the motions to amend, to overrule objections to subpoena, for default, and for extensions of time shall be filed in accordance with Fed. R. Civ. P. 72(a).

---

[8] At least one circuit court of appeals has held that such a dismissal is not for lack of subject matter jurisdiction but on the merits. *Smith v. Reg'l Transit Auth.*, No. 13-30647, 2014 WL 2853584, at *3-4 (5th Cir. June 23, 2014).
[9] This Recommended Decision specifically does not comment on the merits of Plaintiff's claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivson
U.S. Magistrate Judge

Dated this 22nd day of July, 2014.